# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **GREGORY LYNN McMURRAY,** ) | |
| ) | Case No. 2:09CV00077 |
| Plaintiff, ) | |
| ) | **OPINION** |
| v. ) | |
| ) | By: James P. Jones |
| **AGC FLAT GLASS NORTH AMERICA, ET AL.,** ) | United States District Judge |
| ) | |
| Defendants. ) | |

*Terry G. Kilgore, Kilgore Law Office, Gate City, Virginia, for Plaintiff; David E. Constine, II, and Laura D. Windsor, Troutman Sanders LLP, Richmond, Virginia, for Defendant Hartford Life and Accident Insurance Company.*

In this ERISA case, I accept the findings and recommendations of the magistrate judge and grant summary judgment to the defendant.

In this action the plaintiff contends that the defendant, Hartford Life and Accident Insurance Company ("Hartford"), wrongfully denied his request for continuing disability benefits under a group disability insurance policy benefiting employees of AGC Flat Glass North America. The case was referred to United States Magistrate Judge Pamela Meade Sargent to conduct appropriate proceedings. *See* 28 U.S.C.A. § 636(b)(1)(B) (West 2006); Fed. R. Civ. P. 72(b). Magistrate Judge Sargent filed a report setting forth her findings and recommendations on August 10,

2010. On August 24, 2010, the plaintiff filed timely objections to the report. The defendant responded to the objections, as permitted by Rule 72(b)(2), and the objections have been orally argued and are ripe for decision.

I must make a de novo determination of those portions of the report to which the plaintiff objects. *See* 28 U.S.C.A. § 636(b)(1) (West 2006); Fed. R. Civ. P. 72(b)(3). It is not disputed that Hartford has discretionary authority to interpret the provisions of the insurance policy in this case. A fiduciary's discretionary decision under ERISA is reviewed for abuse of discretion, and the decision will not be disturbed if it is reasonable. *Booth v. Wal-Mart Stores, Inc. Assocs. Health & Welfare Plan*, 201 F.3d 335, 342 (4th Cir. 2000). In evaluating the reasonableness of a fiduciary's discretionary decision, a court may consider the following factors, among others:

> (1) the language of the plan; (2) the purposes and goals of the plan; (3) the adequacy of the materials considered to make the decision and the degree to which they support it; (4) whether the fiduciary's interpretation was consistent with other provisions in the plan and with earlier interpretations of the plan; (5) whether the decisionmaking process was reasoned and principled; (6) whether the decision was consistent with the procedural and substantive requirements of ERISA; (7) any external standard relevant to the exercise of discretion; and (8) the fiduciary's motives and any conflict of interest it may have.

*Id*. at 342-43.

The plaintiff objects to the magistrate judge's findings and recommendations on the following grounds:

1. That Hartford relied on the opinions of a non-treating physician instead of placing more weight on the opinions of the plaintiff's treating physicians;

2. That Hartford should have followed the decision of the Social Security Administration, which found him to be disabled within the meaning of the Social Security Act;

3. That the magistrate judge failed to consider the plaintiff's impairments in combination — to his "body as a 'whole'" (Objections 2); and

4. That the magistrate judge erred in finding that Hartford's decision was supported by substantial evidence.

I have considered the plaintiff's objections and arguments, but I find that the magistrate judge's lengthy and careful report adequately answers them. Accordingly, I will overrule the objections and accept the magistrate judge's findings and recommendations.

An appropriate judgment will be entered.

DATED: October 14, 2010

/s/ JAMES P. JONES
United States District Judge